```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                 CASE NO. 08-61175-CIV-ZLOCH
```

LUIS CARLOS JOSENDIS,

      Plaintiff,

vs.                                                **O R D E R**

WALL TO WALL RESIDENCE REPAIRS,
INC., JORGE ACOSTA, and ELOISA
LIM,

      Defendants.

                                     /

      THIS MATTER is before the Court upon Defendants' Motion For Summary Judgment (DE 21). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      Plaintiff brought this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (2006) (hereinafter "the FLSA" or "Act"), and Florida state law. After an Amended Complaint (DE 12) was filed, Defendant filed the instant Motion (DE 21), which presents matters outside the pleadings. Thus, it must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). By prior Order (DE 27), the Court ruled that pursuant to Federal Rule of Civil Procedure 12(d) Plaintiff should have additional time to marshal evidence necessary to respond to the instant Motion and file a supplemental Response if he wished to do so. After the limited discovery period, Plaintiff filed his Supplemental Response (DE 37). The Motion is now ripe for disposition.

I. Background

Defendant Wall to Wall Residence Repairs, Inc. (hereinafter "Wall to Wall") is a residential remodeling company located in Margate, Florida and is family-owned by the individual Defendants.[1] Plaintiff was hired as a laborer and was so employed by Wall to Wall for all material times. Plaintiff had no interaction with any credit card transactions, never received any payments from customers, and never ordered or purchased food or supplies for Wall to Wall. During the relevant time, Plaintiff labored on residential remodeling projects and also did work at the Miami Jewish Home and Hospital. Wall to Wall's gross annual revenue never reached $500,000.00 for the relevant time period. Plaintiff quit his job with Wall to Wall in February of 2008 and thereafter initiated this action pursuant seeking to recover his unpaid wages.

II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the

---

[1] These facts are taken from the Parties' respective Statements Of Material Facts. DE 21, p. 6; DE 37, pp. 3-4.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

Defendants' instant Motion For Summary Judgment (DE 21) seeks judgment as to Plaintiff's federal claim for unpaid wages on the basis that Plaintiff is not covered by the FLSA. Employees are covered under the FLSA in one of two instances: individual coverage or enterprise coverage. Individual coverage lies where the

employee is engaged in commerce or the production of goods for commerce. 29 U.S.C. § 207(a)(1). Enterprise coverage lies where the employee works for an enterprise engaged in commerce or in the production of goods for commerce. Id. An "enterprise engaged in commerce or in the production of goods for commerce" is defined, in relevant part, as an enterprise that

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated); [or]
>
> (B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution . . . .

29 U.S.C. § 203(s)(1).[2] Defendants contend that neither branch of enterprise coverage is applicable and also that individual coverage is inapplicable.

In support for his position opposing the entry of summary judgment, Plaintiff relies in part on his Amended Complaint as evidence of the facts alleged therein because it is verified. The Amended Complaint states, in relevant part, as follows: "Pursuant to 28 U.S.C. § 1746, I LUIS CARLOS JOSENDIS declare, under penalty of perjury that the factual allegations contained in paragraphs 13

---

[2] Plaintiff does not argue that Wall to Wall is engaged in the activity of a public agency. 29 U.S.C. § 203(s)(1)(C).

through 46 are true and correct, to the best of my knowledge and belief." DE 12, p. 10.  It is then signed by Plaintiff. Id.

At the summary judgment stage, a verified pleading may serve as an affidavit if it conforms to the requirements of Federal Rule of Civil Procedure 56(e). United States v. Four Parcels of Real Property, 941 F.2d 1428, 1444 n.35 (11th Cir. 1991).  The Amended Complaint filed herein cannot be considered at summary judgment because it does not satisfy Rule 56(e).  The law in this Circuit is clear that "Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief'--instead of only knowledge." Pace v. Capobianco, 283 F.3d 1275, 1278 (11th Cir. 2002); see also Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir. 2000) ("upon information and belief" insufficient"); Fowler v. S. Bell Tel. & Tel. Co., 343 F.2d 150, 154 (5th Cir. 1965) ("knowledge, information and belief" insufficient)[3].  Thus, because the Amended Complaint does not satisfy Rule 56(e), its allegations cannot be considered at this stage.

Plaintiff has filed his Response (DE 23) and Supplemental Response (DE 37) challenging Defendants' instant Motion.  Local Rule 7.5 states that papers opposing a summary judgment motion "shall include a memorandum of law, necessary affidavits, and a

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

single concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." S.D. Fla. L.R. 7.5.B.  The statement of material facts submitted in opposition to a motion for summary judgment must correspond with the order and paragraph numbering scheme used by the movant. Id. 7.5.C.  This opposition statement of facts must, where appropriate, controvert the movant's statement of facts.  Failure to controvert a fact alleged by the movant and supported by the record results in the same being deemed admitted. Id. 7.5.D.  The Eleventh Circuit has upheld this Rule. Digioia v. H. Koch & Sons, 944 F.2d 809, 811 n.6 (11th Cir. 1991) (upholding operation of former Local Rule 10.J.2, the predecessor to 7.5.D.); Calmaquip Eng'g W. Hemisphere Corp. v. W. Coast Carriers, Ltd., 650 F.2d 633, 636 (5th Cir. Unit B Jul. 1981) (same).

Defendants asserted in their Statement Of Undisputed Facts that Wall to Wall has never grossed at least $500,000.00 annually during the limitations period.  DE 21, p. 6, ¶ 7; Declaration of Jorge Acosta, DE 21, Ex. 1, ¶ 4.  In Plaintiff's Concise Statement Of Material Facts he asserts only the following in response to that fact:

> It is believed, based on the number of workers that worked for Defendants in 2007-08, the number and nature of the construction jobs that Defendants had in 2007-08, the average cost to the customer of the average construction or remodeling job, the number of workers employed or contacted by Defendant, the number of vehicles operated by Defendants, the number of remodeling or construction jobs worked by Plaintiff, and Acosta and Lim's proclivity to divert funds away from the corporate Defendant, Wall to Wall, for worked [sic] performed by

> Defendant's workers, that the corporate Defendant had gross sales of more than five hundred thousand dollars ($500,000) in both 2007 and 2008.

DE 37, pp. 3-4. As support for these allegations Plaintiff cites his Amended Compliant (DE 12, ¶¶ 17, 18-45), and two Affidavits filed by former employees of Wall to Wall (DE 37, Exs. D-F). As stated earlier, Plaintiff's Amended Complaint can offer no support for his position at the summary judgment stage because it is not properly verified. Capobianco, 283 F.3d at 1278. The Affidavits cited do not, without conjecture, demonstrate that Wall to Wall grossed at least $500,000.00 annually. Moreover, the material fact quoted above fails to controvert Defendants' assertion. In its essence, it reads: "It is believed . . . that the corporate Defendant had gross sales of more than five hundred thousand dollars ($500,000) in both 2007 and 2008." DE 37, pp. 3-4. This does not controvert Defendants' statement.

To controvert something is "to oppose or contest by action or argument; to dispute or contest." Webster's Third New International Dictionary: Unabridged 497 (1981). Webster's adds a second definition for controvert: "to dispute or oppose by reasoning." Id. Thus, a controverted fact requires a disputed rendering. Denying a fact is not contesting it by action. Asserting belief in the opposite is not disputing or opposing by reasoning. In short, Plaintiff's Statement fails to controvert Defendants' assertion that Wall to Wall never grossed at least $500,000.00 in any consecutive four-quarter period during the

7

relevant time. Because the same is supported by the record, DE 21, Ex. 1, ¶ 4, it is deemed admitted. S.D. Fla. L.R. 7.5.D. Therefore, enterprise coverage cannot lie because Wall to Wall fails one half of the conjunctive test. See 29 U.S.C. § 203(s)(1)(A)(i)-(ii) (requiring two or more employees engaged in interstate commerce and gross receipts of at least $500,000.00). Plaintiff must look to § 203(s)(1)(B) to establish enterprise coverage.

Congress has seen fit to offer Plaintiff an alternative avenue to establish enterprise coverage in this case. Plaintiff is protected by the FLSA if he can establish that Wall to Wall "is engaged in the operation of a hospital [or] an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution." 29 U.S.C. § 203(s)(1)(B). Plaintiff asserts that he performed work at the Miami Jewish Home and Hospital (hereinafter "the Home") for Wall to Wall during the relevant period, and, thus, his work at the Home is enough to bring him under the FLSA. In support, Plaintiff points to a regulation of the Department of Labor that boldly proclaims the following: an employee who is employed in work "closely or intimately related" to an enterprise engaged in interstate commerce is covered by the FLSA. 29 C.F.R. § 776.23(c).[4] The same regulation defines work "closely or

---

[4] The text reads as follows:

All employees who are employed in connection with

intimately related" to include maintenance and repair.  Id.  Though the Parties do not dispute that Plaintiff performed maintenance and repair work at the Home, the Court finds Plaintiff's argument unavailing for two reasons.

First, there is no evidence before the Court concerning what the Home is.  Its full name includes the word "Hospital," but Congress's designation of what is covered by the FLSA is not based on semantics; rather, it is based on the activities of the enterprise at issue.  29 U.S.C. § 203(s)(1)(B) (covering any enterprise "engaged in the operation of a hospital," etc.) (emphasis added).  In ruling on a motion for summary judgment "[t]he court may consider any material that would be admissible or usable at trial."  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2721 (1998).  Plaintiff has failed to present the Court with admissible evidence establishing what exactly the Home is.  He argues only that he worked at the Home, with no allegations concerning the operations of the Home.  See DE Nos. 23 & 37.  Without more, the Court cannot rely simply on the argument of counsel.  Pollock v. Birmingham Trust Nat. Bank, 650 F.2d 807, 811 (5th Cir. Unit B Jul. 1981) ("[T]here is simply no evidence in the record before us that in any way establishes the [material

---

    construction work which is closely or intimately related to the functioning of existing instrumentalities and channels of interstate commerce or facilities for the production of goods for interstate commerce are within the scope of the Act.

29 C.F.R. § 776.23(c).

facts]. All we have is the argument of counsel . . ., and we are sure that learned counsel understand that summary judgment must rest on something more."). Thus, Plaintiff has failed to establish that the Home is within the class of enterprises named in § 203(s)(1)(B).

Second, and only assuming that the Home itself would be covered by § 203(s)(1)(B), Plaintiff's argument that the Act covers any construction project performed there must fail. Congress has established that employment at any hospital or institution engaged in the care of the sick or aged who reside on the premises carries with it the protections of the FLSA. 29 U.S.C. § 203(s)(1)(B). By 29 C.F.R. § 776.23(c), the Department of Labor has sought to greatly expand on this definition by Congress. Part 776.23(c) lumps employees on construction projects at hospitals in with employees employed by hospitals. The latter are covered by the FLSA by the text of § 203(s)(1)(B); the former are not.

The deference paid by courts to statements of executive agencies is not yet absolute. The rule from Chevron U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984), is this: legislative pronouncements of executive agencies that are given authority to interpret and implement a federal statute are entitled to deference when those statements construe an ambiguous portion of the statute. The Chevron two-step ends when the meaning of a statute is found to be unambiguous. In that case, agency pronouncements thereon have no effect. See Carcieri v. Salazar, 555 U.S. ___, 129 S. Ct. 1058 (Feb. 24, 2009); see also Hartford

Underwriters Ins. Co. v. Union Planters Bank, N. A., 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms.") (quotations omitted).  Thus, while many happily feed from the ever-expanding trough of executive agency gruel, believing blindly that "[r]ational agency regulations have the force of law," Culpepper v. Irwin Mortgage Corp., 253 F.3d 1324, 1329 (11th Cir. 2001), courts have not totally forsaken our Founding Fathers' intent that it is Congress that makes the laws.  See U.S. Const. art. I, § 1 ("All legislative powers herein granted shall be vested in a Congress of the United States . . . ."); see also Gingery v. Dep't of Def., 550 F.3d 1347, 1351-53 (Fed. Cir. 2008).  The Department of Labor's pronouncement in Part 776.23(c) that workers employed by construction firms engaged to perform work at hospitals are covered by the FLSA, however laudable, does not shed light on an ambiguous provision of that Act.  The FLSA is unambiguous: hospitals and institutions engaged in the care of the sick are covered.  That is enough for the Court and should be enough for the Department of Labor.

   Plaintiff has failed to demonstrate that Wall to Wall had at least $500,000.00 in gross revenue during the relevant period and that Wall to Wall is engaged in the operation of any hospital or institution engaged in the care of the sick or aged who reside on the premises.  Thus, he has failed to point to any genuine issue of material fact for trial.  Defendants are, therefore, entitled to

judgment as a matter of law as to whether Plaintiff falls under the FLSA's wage and hour protections under a theory of enterprise coverage.

In the alternative, Plaintiff may demonstrate that he himself is covered under the FLSA by operation of its individual coverage clause. Individual coverage lies where the employee is engaged in commerce or the production of goods for commerce. 29 U.S.C. § 207(a)(1).[5] Defendants' Statement Of Material Undisputed Facts alleged several facts establishing that Plaintiff is not engaged in interstate commerce. First, "Plaintiff had no interaction with any of the customers in terms of credit card transactions and Plaintiff did not order or purchase food or other supplies for the Defendants." DE 21, p. 6, ¶ 3. Second, "Plaintiff did not perform any functions that require the conclusion that he was engaged in interstate commerce." Id. ¶ 4. As support for these assertions, Defendants cite the Declaration of Jorge Acosta, which states that Plaintiff's work was limited to remodeling and construction work. DE 21, Ex. 1, ¶ 3. Plaintiff did not controvert either of Defendants' assertions, see DE 37, p. 3, and thus they are deemed admitted. S.D. Fla. L.R. 7.5.D.

Instead, Plaintiff made his own assertions in an attempt to show some issue of material fact related to his involvement in interstate commerce. First, he asserts that Defendants purchased

---

[5] As Plaintiff was involved in construction work, not the production of goods, he proceeds only under the "engaged in interstate commerce" prong.

10 vans for their workers to use.  DE 37, p. 4, ¶ b.  Second, he asserts that the vans had navigation systems used by Defendants' workers.  Id. ¶ c.  Finally, these navigation systems had parts that were purchased from beyond Florida's borders.  Id.  None of these allegations shed light on the question of whether Plaintiff was engaged in interstate commerce.  Facially, nowhere do these asserted facts contain any reference to Plaintiff's engagement or non-engagement in interstate commerce.  They speak only to Defendants' purchase of vans and their navigation systems.  Second, there is no indication that Plaintiff used either the vans or the navigation systems therein.  Plaintiff only asserts that "Defendants' workers" used the vans.  Id. ¶¶ b- c.  Finally, there is no allegation that Plaintiff was involved in the interstate commerce phase of obtaining the vans and the navigation systems.  His use, if any, after they became the property of Wall to Wall does not equate to his own engagement in interstate commerce.  To be engaged in interstate commerce, an employee "must be directly participating in the actual movement of persons or things in interstate commerce."  Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).  This includes employees of the transportation or communications industries or any employee who regularly uses "interstate telephone, telegraph, mails, or travel."  Id. (citing 29 C.F.R. § 776.23(d)(2)).[6]  Plaintiff attains no

---

[6] The irony of the Eleventh Circuit's citing Part 776.23 in a case cited herein for support is not lost on the Court.  Here, though, the Department of Labor defined what it means to be

protection based on Defendants' vans' navigation systems, parts of which are foreign to Florida. He has demonstrated no genuine issue of material fact on the question of whether he was engaged in interstate commerce.[7] Thus, Defendants are entitled to judgment as a matter of law.

## IV. Conclusion

Therefore, based on the foregoing analysis, the Court finds that Plaintiff has failed as a matter of law to demonstrate any genuine issue of material fact on the questions of whether he is entitled to the protections of the FLSA by either its individual coverage or enterprise coverage clauses. Thus, Defendants are entitled to judgment as a matter of law.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion For Summary Judgment (DE 21) be and the

---

"engaged in interstate commerce," a phrase used in the FLSA and capable of varying definitions. Thus, some development by the Department can be helpful. The same cannot be said for the Department's inclusion of employees of construction firms remodeling hospitals within the statutory definition of the terms "hospital" or "institution engaged in the care of the sick." As stated earlier these do not define ambiguous terms.

[7] After Plaintiff asserts that the navigation systems in Wall to Wall's vans had parts purchased from outside Florida, and cites the record for support, Plaintiff includes this statement: "Therefore, Plaintiff and Defendants [sic] employees regularly used instrumentalities of interstate commerce." DE 37, p. 4, ¶ c. The truth of this statement stands or falls on what precedes it because it is introduced by "[t]herefore." As shown above, the preceding sentence does not establish this fact. In addition, this last sentence bears no citation to the record. Thus, it cannot support his opposition to the entry of summary judgment. S.D. Fla. L.R. 7.5.C.2.

same is hereby **GRANTED;** and

    2. Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of March, 2009.

                                                        /s/ William J. Zloch
                                                        WILLIAM J. ZLOCH
                                                        United States District Judge

Copies furnished:

All Counsel of Record